UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T. TAYLOR,<br><br>        Plaintiff,<br> vs.<br>CATHEDRAL PLAZA DEVELOPMENT CORP.,<br><br>        Defendant. | CASE NO. 14cv2294-WQH-DHB<br><br>ORDER |

HAYES, Judge:

  The matter before the Court is the Motion to Dismiss filed by Defendant Cathedral Plaza Development Corp. (ECF No. 5).

**I. Background**

  On September 29, 2014, Plaintiff, proceeding pro se, initiated this case against Defendant by filing the Complaint. (ECF No. 1).

  On October 29, 2014, Defendant filed the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (ECF No. 5). Plaintiff did not oppose Defendant's motion to dismiss. On December 2, 2014, Defendant filed a non-opposition stating that "[a]s of the filing of this notice, Counsel for Defendant has not been served with any opposition to the Motion to Dismiss ..., nor does the Court's docket to this action indicate that any such opposition has been filed." (ECF No. 6 at 2).

**II. Discussion**

  Defendant contends that Plaintiff's Complaint should be dismissed on the grounds

that Plaintiff's Complaint has failed to allege diversity jurisdiction or federal question jurisdiction within the pending Complaint. Defendant further contends that Plaintiff's Complaint should be dismissed because the Complaint fails to allege any cause of action or claim for relief and falls far short of the minimum pleading stadnard articulated in *Bell Atlantic*. *Bell Atlantic Corp. v. Twombly*, (2007) 127 S. Ct. 1955, 1965.

A district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal for failing to oppose a motion to dismiss, based on a local rule providing that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion"). Civil Local Rule 7.1 provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). "Although there is ... a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (quoting *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)) (affirming dismissal for failure to prosecute).

The docket reflects that Plaintiff has failed to file an opposition as required by Civil Local Rule 7.1.e.2. The Court construes Plaintiff's failure to oppose the Motion to Dismiss as "a consent to the granting of" the Motion to Dismiss. S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). The Court further concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss for failure to file an opposition. *Ghazali*, 46 F.3d at 53. Defendant's Motion to Dismiss is granted.

//

//

**III.  Conclusion**

     IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED.  (ECF No. 5).  The Complaint is DISMISSED without prejudice.

DATED:  December 10, 2014

                                       **WILLIAM Q. HAYES**
                                       United States District Judge